### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JOSEPH JOHN SHIPPS,

**Plaintiff,**

v.                                                                    CASE NO. 21-3223-SAC

DAVID GROVES,
**Sheriff, Cherokee County Sheriff's Department,**

**Defendant.**

### MEMORANDUM AND ORDER

This matter is a civil rights action. Plaintiff is a pretrial detainee at the Cherokee County Jail in Columbus, Kansas ("CCJ"). By order dated December 21, 2021 (Doc. 9; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim. Plaintiff filed a response to the MOSC (Doc. 10), an objection to the MOSC (Doc. 11), and an Amended Complaint (Doc. 12). Before the Court for screening is Plaintiff's Amended Complaint filed on January 18, 2022. The Court's screening standards are set forth in detail in the MOSC.

Plaintiff alleges in his Amended Complaint that on August 2, 2021, he received a new cellmate who had been transferred from Sedgwick County. Within "a few hours," Plaintiff started to feel sick with a severe headache, hot and cold flashes, and difficulty breathing. For the next three days, Plaintiff did not eat or get out of bed, and he told the guards on each shift that he did not feel well. On the fourth day, a guard tried to get him in to see the nurse. Plaintiff's cellmate was moved to a different cell, and Jailer Garrett took Plaintiff to medical, prepared a medical report, could not reach the nurse, and returned Plaintiff to his cell. The next day, Plaintiff asked

1

to see the nurse, but the nurse was not contacted.  On the eighth day, Plaintiff saw the nurse and was taken to the local clinic with another inmate to be tested for COVID.  He tested positive. Plaintiff and the other inmate were returned to the CCJ and placed in the same cell.  They were given Tylenol and vitamin C.  He was not given an inhaler or breathing treatments or placed on a ventilator.  His temperature never exceeded 99.3 degrees.  On September 7, 2021, he got an on-site x-ray.

Plaintiff states that he has COPD and is "supposed to be on two inhalers and daily breathing treatments."  He is also epileptic and has degenerative disc disease.  He complains that he has not seen a doctor, been taken to the hospital, or otherwise been treated for his daily complaints that he cannot breathe well, has chest pains and constant migraine headaches, and has no sense of taste or smell.

Plaintiff asserts that if the CCJ was not accepting infected inmates from other counties and was still requiring reduced population, masks, and no cellmates as it did in May and June of 2020, "then the risk of catching COVID-19 was up to chance but the jail was following the pandemic guidelines."  He alleges the CCJ stopped all safety measures starting on March 31, 2021, and therefore had "deliberately inacted [sic] to protect [him] or any inmate from a life threatening virus."

Plaintiff claims that Defendant violated his Eighth and Fourteenth Amendment rights.  He names as defendant only David Groves, Sheriff of Cherokee County, Kansas.  Plaintiff seeks damages of $1 million plus an amount for treatment of all of his medical needs, as well as the following injunctive relief: full hospital testing and care for his COPD; prohibit the CCJ from taking detainees from other counties until the pandemic is over; require the CCJ to reduce the population to half capacity and to house detainees without cellmates; require the CCJ to provide

2

masks, sterilization, hand sanitizer, and COVID-19 tests to every inmate and staff member who enters or re-enters the facility; and prohibit the CCJ from holding inmates with chronic illnesses and instead require they be released on an alternate means of bond under house arrest.

In his response to the MOSC, Plaintiff argues that the MOSC does not explain how the defendants' actions of allowing infectious diseases to spread is "appropriate."  He alleges that the Court is saying that it is appropriate and part of ordinary prison life for an infectious disease to spread, that Defendants have no obligation to contain or stop diseases from spreading, and that Defendants have no obligation to provide testing for COVID, to quarantine infected inmates, or to take other measures.  Leaving Shipps and his cellmate in open general population with COVID and not providing prompt treatment or testing is not reasonable after being informed for 5 days. Plaintiff states, "Any Court will agree the allowance of a jail or prison to spread infectious diseases is a constitutional violation and clearly states a claim for deliberate indifference."

The mere fact that Plaintiff became infected with COVID-19 while at the CCJ does not support an Eighth Amendment claim.  Every person in the United States, whether in a detention facility or not, has faced COVID-19 exposure.  However, Plaintiff's allegation that the CCJ stopped all measures to prevent the spread of COVID-19 starting on March 31, 2021 is troubling, as is Plaintiff's claim that he has been diagnosed with COPD and prescribed certain treatment that the CCJ has not provided.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the CCJ.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)      Officials responsible for the operation of the CCJ are directed to undertake a review of the subject matter of the Complaint:

      a.      To ascertain the facts and circumstances;

      b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

      c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(2)      Upon completion of the review, a written report shall be compiled which shall be filed with the Court **by May 15, 2022** and served on Plaintiff.  The CCJ officials must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(3)      Authorization is granted to the officials of CCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(4)      No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.  If the Complaint survives screening, the Court will enter a separate order for service that sets an answer deadline.

(5)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

Copies of this order shall be transmitted to Plaintiff, to the Defendant, and to the Cherokee County Attorney.

**IT IS SO ORDERED**.

**Dated April 15, 2022, in Topeka, Kansas.**


**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**