IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH JOHN SHIPPS,

          **Plaintiff,**

    v.                                              CASE NO. 21-3223-SAC

**DAVID GROVES,**
**Sheriff, Cherokee County Sheriff's Department,**

          **Defendant.**

## MEMORANDUM AND ORDER

This civil rights case is before the Court for screening after the submission of a *Martinez* Report. Plaintiff alleges that his constitutional rights were violated while he was housed at the Cherokee County Jail ("CCJ") in Columbus, Kansas. After reviewing the *Martinez* Report filed by officials of the CCJ, the Court found that Plaintiff's Amended Complaint is subject to dismissal and directed Plaintiff to show cause why his Amended Complaint should not be dismissed for failure to state a claim upon which relief may be granted under § 1983. (*See* Doc. 19). Before the Court is Plaintiff's response to the show cause order (Doc. 28) and Motion to Request Known Facts (Doc. 27).

Plaintiff continues to make the same arguments and conclusory statements that he has previously made. The overall gist of Plaintiff's response is that because he contracted Covid while housed at the CCJ, the defendants are clearly, "100%" at fault. He states in his motion, "Plaintiff contracted a deadly virus (Covid-19) while in the care and watch of CCJ. That fact has already

1

been met and proven.  Is the CCJ at fault (yes), it is the prisoner's right to be protected by CCJ of all health and safety issues, especially Covid-19."  Doc. 27, at 3-4.

However, Plaintiff is not entitled to 100% protection from illness while incarcerated or detained, and the fact that he contracted Covid-19 at the CCJ does not automatically mean his constitutional rights were violated.  The standard for an Eighth Amendment violation is deliberate indifference.  While Plaintiff believes the precautions taken by officials of the CCJ should have been different or stronger, it is not correct that the defendants "refuse[d] to take any precautions to prevent the spread [of COVID-19] at CCJ" and simply let nature take its course, as Plaintiff has alleged.  Plaintiff's unsupported, conclusory allegations fail to state a claim for deliberate indifference under the Eighth Amendment.

As for the medical care Plaintiff received after he contracted Covid-19, he only mentions in his response that he "was left for an extended delay of days to let nature take its course."  Doc. 28, at 3.  Plaintiff's previous allegations, in conjunction with his medical records, do not support this contention and demonstrate that he was receiving or offered care.  Any delays Plaintiff experienced in receiving care did not violate his constitutional rights.  As explained in the show cause order, delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm.  *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).  In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006).  Plaintiff makes no claim that he suffered substantial harm as a result of the delayed COVID-19 test, chest x-ray, or other diagnostic procedure or treatment.  He has not demonstrated a constitutional violation based on deliberate indifference or a delay in medical care.

Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed for the reasons discussed above and in the show cause order (Doc. 19).

In his motion, Plaintiff makes additional argument and requests "all jail records and video from March 2020 until current"; "all inmate and staff Covid-19 testing results, all medical testing facts, CCJ staff procedures on video and body camera that shows all the CCJ staff that dealt with the incident of Covid-19 August 2, 2021 thru October 2020"; and "jail records show population of CCJ, the inmate and staff who contracted Covid-19." Doc. 27, at 2-3. Because the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, the motion is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Known Facts (Doc. 27) is **denied as moot**.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 21st day of September, 2022.**

                                                                    s/ Sam A. Crow
                                                                    **SAM A. CROW**
                                                                    **U. S. Senior District Judge**