## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH JOHN SHIPPS,**

**Plaintiff,**

v.                                         **CASE NO. 21-3223-SAC**

**DAVID GROVES,**
**Sheriff, Cherokee County Sheriff's Department, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is confined at the Cherokee County Jail in Columbus, Kansas ("CCJ").  The Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and entered a Memorandum and Order (Doc. 13) ("M&O") ordering the officials responsible for the operation of the CCJ to prepare a *Martinez* Report.  After considering the Report and Plaintiff's responses, the Court dismissed the case.  (Docs. 29, 30.)  The matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 31).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The Court will consider Plaintiff's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the judgment was entered in this action.  *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that

motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*  A Rule 59(e) motion should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

In his motion, Mr. Shipps argues that he clearly stated a claim, and the case should not have been dismissed.  He points to no intervening change in the law, no new evidence, and no need to correct clear error or prevent manifest injustice.  Accordingly, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 31) is **denied**.

**IT IS SO ORDERED**.

**Dated October 7, 2022, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**